IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROSEMARY SUSKO, an individual
and ROSEMONT MANOR, LLC.,

    Plaintiffs,

v.                            Civil Action No. 5:07CV144
                                       (STAMP)
COX ENTERPRISES, INC. and
WTOV9, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT**

I. Procedural History

On November 7, 2007, the plaintiffs, Rosemary Susko and Rosemont Manor, LLC, filed a pro se[1] complaint against Cox Enterprises, Inc. and WTOV9, Inc.,[2] attempting to assert several claims, including defamation, punitive damages based on defamation, false light invasion of privacy, and tortious interference with business relations, all stemming from a news broadcast by WTOV, Inc. On December 18, 2007, this Court entered an order directing

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

[2] The caption of the complaint names Cox Enterprises, Inc. and WTOV9, Inc. as the defendants in this action. The properly named defendants in this action are Cox Enterprises, Inc., WTOV, Inc., and Cox Communications, Inc. Cox Enterprises, Inc. and Cox Communications, Inc. are both Delaware corporations with their principal places of business in Atlanta, Georgia. WTOV, Inc. is also a Delaware corporation and is registered to do business in Ohio. This memorandum opinion and order will refer to the defendants by their proper legal names.

Rosemont Manor, LLC to retain counsel and warning that the failure to retain such counsel could force this Court to review its options, including default judgment against Rosemont Manor, LLC. Ms. Susko filed a response to the order on January 17, 2008, relaying her efforts and subsequent inability to find counsel to represent Rosemont Manor, LLC. Thereafter, on January 18, 2007, the plaintiffs filed a motion to amend the complaint seeking to change the caption of the case to which the defendants responded. For the reasons set forth below, the plaintiffs' motion to amend the complaint is denied.

## II. Facts

Plaintiff Rosemary Susko states that she is the sole operator of Rosemont Manor, a lodging and meetings facility located in Weirton, West Virginia. Plaintiff Rosemont Manor, LLC is a limited liability company registered with and recognized by the West Virginia Secretary of State as an existing company since May 10, 2004. Ms. Susko is named as both the organizer and a member of Rosemont Manor, LLC. The company does not have any other organizers, officers, managers, or members.

In their complaint, the plaintiffs assert that WTOV, Inc. "put forward a television broadcast to the general public on its six o'clock news program portraying 'Susko' as conducting 'goings on' at 'Rosemont' that would 'have your head spinning.'" (Pls.' Compl. ¶ 3.) The plaintiffs incorporate this statement into each count of

2

their four-count complaint, alleging that this statement sets forth claims of defamation, punitive damages based on defamation, false light invasion of privacy, and tortious interference with business relations.

### III. Discussion

The plaintiffs, Rosemary Susko and Rosemont Manor, LLC filed a pro se complaint against the defendants. While Rosemary Susko, as an individual, may proceed pro se, this is not the case with Rosemont Manor, LLC. It is well-settled law that a corporation must be represented by an attorney in federal court. See Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co., 748 F.2d 602, 609 (11th Cir. 1984), cert. denied, 471 U.S. 1056 (1985); Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983); Richdel, Inc. v. Sunspool Corp., 699 F.2d 1366, 1366 (Fed. Cir. 1983). Furthermore, a corporation cannot represent itself by or through its officers. Acme Poultry Corp. v. United States, 146 F.2d 738, 740 (4th Cir. 1994); see also e.g. James v. Daley & Lewis, 406 F. Supp. 645, 648 (D. Del. 1976) ("[I]t is equally well settled that . . . a corporation may not appear and represent itself . . . by its president or officers but only by an attorney admitted to practice law."); In re Webster, 22 B.R. 11, 12 (Bankr. D. Vt. 1982) ("[A] corporation may not appear in such Courts through an officer unless he is licensed to practice law.").

In filing their motion to amend the complaint, the plaintiffs are seeking to evade these established rules of law. The caption of this case names "ROSEMARY SUSKO, an individual and ROSEMONT MANOR, LLC" as the plaintiffs in this action. Now, the plaintiffs request that the caption is changed to name "ROSEMARY SUSKO, and ROSEMARY SUSKO d/b/a ROSEMONT MANOR" as the amended plaintiffs. Such an action is futile.

No matter how Ms. Susko attempts to frame the caption of this case, Rosemont Manor, LLC is still registered in and recognized by the state of West Virginia as a limited liability company. Therefore, as a limited liability company, Rosemont Manor, LLC must bring suit as a separate legal entity. As a matter of law, Ms. Susko cannot bring suit as "Rosemary Susko d/b/a Rosemont Manor, LLC." See Smith Setzer & Sons, Inc. v. South Carolina Procurement Review Panel, 20 F.3d 1311, 1317 (4th Cir. 1994) ("It is considered a 'fundamental rule' that '[a] shareholder-even the sole shareholder-does not have standing to assert claims alleging wrongs to the corporation.") (citing Jones v. Niagara Frontier Transp. Auth., 836 F.2d 731 (2d Cir. 1987)). Accordingly, this Court denies the plaintiffs' motion to amend the complaint.

Furthermore, pursuant to the case law cited above, Rosemont Manor, LLC cannot proceed pro se before a federal court, and it cannot represent itself through or by its officers, here, being Ms. Susko. This Court issued an order on December 18, 2007, ordering

4

Rosemont Manor, LLC to retain counsel within thirty (30) days of the date of entry of the order. To date, Rosemont Manor LLC has not retained counsel. Despite Ms. Susko's response to the order recounting her various attempts and consequent failures to retain counsel for Rosemont Manor, LLC, this Court cannot allow Rosemont Manor, LLC to proceed pro se in this action.[3] See e.g. Algonac Mfg. Co. v. United States, 458 F.2d 1373, 1375 (Ct. Cl. 1972).

## IV. Conclusion

For the above stated reasons, the plaintiffs' motion to amend the complaint is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: September 16, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[3] On September 16, 2008, this Court entered a memorandum order and opinion granting the defendants' motion to dismiss for failure to state a claim on all four counts of plaintiffs' complaint. However, even if this Court did not grant that motion to dismiss on the merits, this Court would still need to dismiss Rosemont Manor, LLC from this action. Rosemont Manor, LLC has failed to retain counsel, and it cannot proceed pro se before this Court.