IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROSEMARY SUSKO, an individual
and ROSEMONT MANOR, LLC.,

    Plaintiffs,

v.                            Civil Action No. 5:07CV144
                                          (STAMP)
COX ENTERPRISES, INC. and
WTOV9, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION
FOR LEAVE TO FILE SURREPLY**

I.   Procedural History

On November 7, 2007, the plaintiffs, Rosemary Susko and Rosemont Manor, LLC, filed a pro se[1] complaint against Cox Enterprises, Inc. and WTOV9, Inc.,[2] attempting to assert several claims, including defamation, punitive damages based on defamation, false light invasion of privacy, and tortious interference with business relations, all stemming from a news broadcast by WTOV,

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

[2] The caption of the complaint names Cox Enterprises, Inc. and WTOV9, Inc. as the defendants in this action. The properly named defendants in this action are Cox Enterprises, Inc., WTOV, Inc., and Cox Communications, Inc. Cox Enterprises, Inc. and Cox Communications, Inc. are both Delaware corporations with their principal places of business in Atlanta, Georgia. WTOV, Inc. is also a Delaware corporation and is registered to do business in Ohio. WTOV9, Inc. is not a corporation registered to do business in Ohio. This memorandum opinion and order will refer to the defendants by their proper legal names.

Inc. The defendants filed a motion to dismiss to which the plaintiffs responded in opposition and to which the defendants replied. Thereafter, the plaintiffs filed a motion for leave to file a surreply. For the reasons set forth below, the plaintiffs' motion for leave to file a surreply is denied.

## II. Facts

Plaintiff Rosemary Susko states that she is the sole owner and operator of Rosemont Manor, a lodging and meetings facility located in Weirton, West Virginia. Plaintiff Rosemont Manor, LLC is a limited liability company registered with and recognized by the West Virginia Secretary of State as an existing company since May 10, 2004. In their complaint, plaintiffs allege that WTOV, Inc. "put forward a television broadcast to the general public on its six o'clock news program portraying 'Susko' as conducting 'goings on' at 'Rosemont' that would 'have your head spinning.'" (Pls.' Compl. ¶ 3.) The plaintiffs incorporate this statement into each count of their four-count complaint, alleging that this statement sets forth claims of defamation, punitive damages based on defamation, false light invasion of privacy, and tortious interference with business relations.

## III. Discussion

The local rules do not mention any specific procedures in regards to filing a surreply. Nevertheless, a party should not file a surreply without first obtaining the permission of the

court.  Thomas v. Branch Banking & Trust Co., 443 F. Supp. 2d 806, 809 n.2 (N.D. W. Va. 2006).  Generally, a surreply is permitted when a party seeks to respond to new material that an opposing party has introduced for the first time in its reply brief.  Schwarzer, Tashima, & Wagstaffe, Federal Civil Procedure Before Trial 12:110 (The Rutter Group 2008).  See also Khoury v. Meserve, 268 F. Supp. 2d 600, 605 (D. Md. 2003) ("Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply.").  If a court does not rely upon the new material raised in the opposing party's reply brief to reach its decision in a matter, then a surreply is superfluous and unnecessary.  See e.g. E.E.O.C. v. LA Weight Loss, 509 F. Supp. 2d 527, 540 (D. Md. 2007) (denying the parties' motions to file surreplies because the court did not rely upon the new case law and evidence in making its decision); First Penn-Pacific Life Ins. Co. v. Evans, 162 F. Supp. 2d 423, 430 (D. Md. 2001) (denying plaintiff leave to file a surreply "[s]ince the Court will not be considering the additional contentions advanced").  In those circumstances, a motion for leave to file a surreply should be denied.

This Court holds that a surreply is not warranted in this case.  The plaintiffs allege in their motion for leave to file a surreply that the defendants introduced new material in their reply in support of their motion to dismiss by both acknowledging that

3

the alleged statements at issue were stated on the news broadcast and claiming the defense of truth to the defamation action.  In opposition to the motion, the defendants argue that their reply in support of their motion to dismiss only makes legal arguments based on materials that the plaintiffs have already submitted into evidence.

If the defendants did raise any new material in their reply to their motion to dismiss, this Court finds it irrelevant.  In granting the defendants' motion to dismiss on the merits, this Court did not rely on any additional materials raised in the defendants' reply.[3]  Rather, in making its determination, this Court considered only the one statement in the plaintiffs' complaint that stated that WTOV, Inc. "put forward a television broadcast to the general public on its six o'clock news program portraying 'Susko' as conducting 'goings on' at 'Rosemont' that would 'have your head spinning.'" (Pls.' Compl. ¶ 3.)  Therefore, it is not necessary for the plaintiffs to file a surreply.  Accordingly, the plaintiffs' motion for leave to file a surreply is denied.

---

[3]This Court granted the defendants' motion to dismiss for failure to state a claim in a memorandum opinion and order entered on September 16, 2008.

## IV. Conclusion

For the above stated reasons, the plaintiffs' motion for leave to file a surreply is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   September 16, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
