IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROSEMARY SUSKO, an individual
and ROSEMONT MANOR, LLC.,

    Plaintiffs,

v.                                Civil Action No. 5:07CV144
                                            (STAMP)
COX ENTERPRISES, INC. and
WTOV9, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS**

I. Procedural History

The plaintiffs, Rosemary Susko and Rosemont Manor, LLC, filed a pro se[1] complaint against Cox Enterprises, Inc. and WTOV9, Inc.,[2] attempting to assert several claims, including defamation, punitive damages based on defamation, false light invasion of privacy, and tortious interference with business relations, all stemming from a news broadcast by WTOV, Inc. The defendants filed a motion to

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

[2]The caption of the complaint names Cox Enterprises, Inc. and WTOV9, Inc. as the defendants in this action. The properly named defendants in this action are Cox Enterprises, Inc., WTOV, Inc., and Cox Communications, Inc. Cox Enterprises, Inc. and Cox Communications, Inc. are both Delaware corporations with their principal places of business in Atlanta, Georgia. WTOV, Inc. is also a Delaware corporation and is registered to do business in Ohio. WTOV9, Inc. is not a corporation registered to do business in Ohio. This memorandum opinion and order will refer to the defendants by their proper legal names.

dismiss to which the plaintiffs responded in opposition and to which the defendants replied.

## II. Facts

Plaintiff Rosemary Susko ("plaintiff Susko") is the sole officer and operator of Rosemont Manor, which she states is a lodging and meetings facility located in Weirton, West Virginia. Plaintiff Rosemont Manor, LLC ("plaintiff Rosemont Manor") is a limited liability company operated by plaintiff Susko and recognized by the West Virginia Secretary of State as an existing company. In their complaint, plaintiffs allege that WTOV, Inc. "put forward a television broadcast to the general public on its six o'clock news program portraying 'Susko' as conducting 'goings on' at 'Rosemont' that would 'have your head spinning.'" (Pls.' Compl. ¶ 3.) The plaintiffs incorporate this statement into each of their four-count complaint, alleging that this statement sets forth claims of defamation, punitive damages based on defamation, false light invasion of privacy, and tortious interference with business relations. For the reasons set forth below, the defendants' motion to dismiss is granted.

## III. Legal Standard

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d

139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances.

Rogers, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the complaint clearly demonstrate that plaintiff does not have a claim and that no set of facts would support plaintiff's claim. 5A Wright & Miller, supra § 1357, at 344-45.

IV. Discussion

As an initial matter, it is necessary to note that plaintiffs have not provided sufficient proof that this Court maintains personal jurisdiction over the defendants in this matter. Pursuant to International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945), for a court to have personal jurisdiction over a defendant not physically located within the territory of the forum state, the defendant must "have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" (internal citation omitted). The plaintiff carries the burden of proving that a court has this requisite jurisdiction. Charter Communications VI, LLC v. Eleazer, 398 F. Supp. 2d 502, 504 (S.D. W. Va. 2005)(citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936)).

In their complaint, plaintiffs fail to plead that the defendants have sufficient minimum contacts with the state of West Virginia. Instead, the plaintiffs only assert that "Defendant Cox Communication ('Cox') is incorporated in Atlanta, Ga., and its subsidiary WTOV9 ('TV9') has its principal place of business in

4

Mingo Junction, Ohio." (Pls.' Compl. ¶ 2.) Accordingly, plaintiffs have not met their burden in establishing that this Court has personal jurisdiction over the defendants. Nevertheless, assuming without deciding that the defendants have minimum contacts with the state of West Virginia, this Court grants the defendants' motion to dismiss on other grounds set forth below.

A. Count I: Defamation

Plaintiffs allege that the defendants committed defamation by allegedly airing a "television broadcast to the general public on its six o'clock news program portraying 'Susko' as conducting 'goings on' at 'Rosemont' that would 'have your head spinning.'" (Pls.' Compl. ¶ 3.) The defendants argue that the alleged defamatory statement is not capable of defamatory meaning or, in the alternative, is a non-actionable statement of opinion.

As stated in Crump v. Beckley Newspapers, Inc., 320 S.E.2d 70, 74 (W. Va. 1997), "the essential elements for a successful defamation action by a private individual are (1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury." The court, as a matter of law, must make the initial determination as to whether a given statement is capable of defamatory meaning. Syl. Pt. 6, Long v. Egnor, 346 S.E.2d 778 (W. Va. 1986). A statement is defamatory "if it tends so to harm the reputation of another as to

lower him in the estimation of the: community or to deter third persons from associating or dealing with him." Belcher v. Wal-Mart Stores, Inc., 568 S.E.2d 19, 27 (W. Va. 2002) (citing Restatement (Second) of Torts § 559 (1977)).  See also Syl. Pt. 1, Sprouse v. Clay Commc'n, Inc., 211 S.E.2d 674, 679 (W. Va. 1975) (stating that statements are defamatory if they "defame the plaintiff and reflect shame, contumely, and disgrace upon him").

The statements as alleged in the plaintiffs' complaint are not defamatory as a matter of law.  Under West Virginia law, "for a cause of action for libel and slander to be correctly pleaded, the exact words charged to have been used or material caused to have been published by the defendant must be alleged with particularity."  Kondos v. West Virginia Board of Regents, 318 F. Supp. 394, 398 (S.D. W. Va. 1970).  The only alleged statement that plaintiffs plead with particularity in their complaint is that WTOV, Inc. reported "goings on" that would "have your head spinning."  (Pls.' Compl. ¶ 3.)

An examination of West Virginia case law leads this Court to its conclusion that the statement "goings on" that would "have your head spinning" is a non-defamatory statement.  In Belcher v. Wal-Mart Stores, Inc., 568 S.E.2d at 24, a store customer filed a defamation claim against the defendants because the defendants called the customer's store receipt "a fake, felonious receipt."  The court held that this was not a defamatory statement.  Id. at

27. In Hupp v. Sasser, 490 S.E.2d 880, 884-85 (W. Va. 1997), the court held that statements regarding the plaintiff such as "problems we're having with [the plaintiff]," "abusiveness," "unprofessional behavior," "I know [the plaintiff's] a bully," "unacceptable behavior," and "[the plaintiff] is not authorized to use any equipment or facilities of the School of Journalism," did not constitute defamatory statements.

If West Virginia law does not recognize those statements as defamatory, then certainly the defendants' alleged statements in the plaintiffs' complaint cannot be considered defamatory either. The statement "goings on" that would "have your head spinning" is not the type of statement that "reflect[s] shame, contumely, and disgrace upon [the plaintiff]." Sprouse, 211 S.E.2d at 679. See c.f. Wandt v. Hearst's Chicago Am., 109 N.W. 70 (Wis. 1906) (mistakenly including a photograph of the plaintiff when calling another person a "suicide fiend," saying that the person attempted suicide 25 times, and noting that the person would usually visit the hospital to be pumped out "certainly has a tendency to bring that person into public contempt and ridicule")(cited with approval in Crump v. Beckley Newspapers, Inc., 320 S.E.2d at 80). Therefore, as a matter of law, this Court finds that the statements as alleged in the complaint are devoid of defamatory meaning.

In addition, however, even if the defendants' statements were considered to have defamatory meaning, the plaintiffs still would

7

not be successful in their defamation action because the statements are non-actionable opinions. "A statement of opinion which does not contain a provable false assertion of fact is entitled to full constitutional protection." Syl. Pt. 4, Maynard v. Daily Gazette Co., 447 S.E.2d 293, 294 (W. Va. 1994) (adopting Milkovich v. Lorain Journal Co., 497 U.S. 1 (1990)). Similar to the court's role in deciding whether a given statement is capable of defamatory meaning, a court must initially decide, as a matter of law, whether a statement is one of fact or opinion. Syl. Pt. 7, Long v. Egnor, 346 S.E.2d at 780.

In Hupp v. Sasser, 490 S.E.2d at 880, the court held that the statement "he is a bully. He tried to bully me," was protected speech because it was an opinion. In that case, the court noted that the "opinion that [the plaintiff] is a bully is not probably false as that conclusion is totally subjective" because "[t]he threshold of what constitutes bullyism to one would necessarily not be the same for another individual." Id. at 887. See also Sandler v. Marconi Circuit Tech. Corp., 814 F. Supp. 263, 268 (E.D.N.Y. 1993) ("[T]he statement . . . that plaintiff 'screwed up' and therefore had to be 'let . . . go' is nothing more than an expression of opinion and, as such, does not amount to defamation . . . ."); Goldberg v. Coldwell Banker, Inc., 159 A.D.2d 284 (N.Y. App. Div. 1990) (holding that statements that plaintiff "has been most uncooperative, abrasive and dilatory in fulfilling his

8

responsibilities in interacting with our customer [sic], client's attorney, client and participating brokers," is an expression of opinion and protected) (both cited with approval in Hupp v. Sasser, 490 S.E.2d at 888).

In this case, the defendants' alleged statements that the plaintiffs were conducting "goings on" that would "have your head spinning" is the opinion of the alleged speaker that does not contain a provably false assertion of fact. See Syl. Pt. 4, Maynard v. Daily Gazette Co., 447 S.E.2d at 293. The statement is purely subjective, and in similarity to the court's discussion in Hupp v. Sasser, 490 S.E.2d at 887, that the threshold for what constitutes a bully is different depending on the person, the threshold of what happenings would make a person's head spin, so to speak, is not the same for each individual. Consequently, the alleged statement of the defendants is afforded full constitutional protection. Accordingly, for these reasons, the defendants' motion to dismiss is granted on Count I.

B. Count II: Punitive Damages Based on Defamation

In Count II of the complaint, the plaintiffs allege an independent cause of action for punitive damages. The defendants argue that West Virginia law does not recognize a separate cause of action for punitive damages. This Court agrees. Under West Virginia law, a separate cause of action for punitive damages does not exist. Cook v. Heck's Inc., 342 S.E.2d 453, 461 n.3 (W. Va.

9

1986).  See also Miller v. Carelink Health Plans, Inc., 82 F. Supp. 2d 574, 579 n.6 (W. Va. 2000) ("West Virginia law does not recognize an independent cause of action for punitive damages.").

West Virginia law clearly prohibits the plaintiffs from asserting a distinct cause of action for punitive damages, and this is precisely what Count II of the complaint seeks to accomplish. The plaintiffs re-allege the allegations set forth in Count I, changing only the prayer for relief and requesting an award of punitive damages.  This separate cause of action for punitive damages is not allowed under the current law.

In addition, if no defamation or other liability exists, plaintiffs cannot seek an award of punitive damages. Because this Court finds that Counts I, III, and IV should be dismissed for the reasons discussed in this memorandum opinion and order, the plaintiffs are barred from claiming any award of punitive damages. Accordingly, the defendants' motion to dismiss Count II is granted for these reasons.

C.   Count III: False Light Invasion of Privacy

Plaintiffs allege that WTOV, Inc.'s news broadcast invaded the plaintiffs' privacy by placing the plaintiffs in a false light before the public.  The defendants argue that Count III should be dismissed as to both plaintiff Susko and plaintiff Rosemont Manor because the alleged statements are not capable of defamatory meaning or, alternatively, consist of a non-actionable statement of

opinion.[3] Additionally, the defendants argue that Count III as brought by plaintiff Rosemont Manor should be dismissed because a limited liability company cannot assert a false light invasion of privacy claim.

1.  Plaintiff Rosemont Manor

Because Rosemont Manor is recognized by the state of West Virginia as a limited liability company, it cannot assert a claim for false light invasion of privacy. "A corporation, partnership or unincorporated association has no personal right of privacy. It has therefore no cause of action for any of the four forms of invasion covered by §§ 652B to 652E." Restatement (Second) of Torts § 652I cmt. c (1977). See Slack v. Kanawha County Housing and Redevelopment Auth., 432 S.E.2d 547, 551 (W. Va. 1992) (citing

---

[3] In their motion to dismiss, the defendants cite a footnote in Chafin v. Gibson, 578 S.E.2d 361, 364 n.3 (W. Va. 2003), that states the following: "The Appellants also asserted claims for false light invasion of privacy and intentional infliction of emotional distress. The lower court properly ruled that these claims were encompassed within the defamation claims, and all claims were dealt with simultaneously in the summary judgment resolution." (emphasis added). Citing this authority, the defendants argue that the plaintiffs' false light claim can be dismissed for the same reasons as the claim for defamation is dismissed, namely, that the statements are not capable of defamatory meaning or, in the alternative, are non-actionable statements of opinion. Nevertheless, Chafin v. Gibson, 578 S.E.2d at 361, is a per curiam opinion and is not dispositive on this issue. Rather, this Court considers the plaintiffs' false light claim and defamation claim separately as recognized in the seminal opinion of Crump v. Beckley Newspapers, Inc., 320 S.E.2d at 87-88. Whether this Court considers the claims under one analyses as requested by the defendants, or under two separate analyses, however, this Court reaches the same decision that the defendants' motion to dismiss must be granted.

11

Restatement (Second) of Torts § 652I); see also Aids Counseling & Testing Ctrs. v. Group W Television, Inc., 903 F.2d 1000 (4th Cir. 1990) ("[I]t seems very unlikely that a corporation can ever state a cognizable claim for false-light invasion of privacy."); S. Air Transp., Inc. v. Am. Broad. Cos., Inc., 670 F. Supp. 38 (D.D.C. 1987) ("A corporation cannot be offended.").

Effective as of May 10, 2004, plaintiff Rosemont Manor is a registered limited liability company registered in and recognized by the state of West Virginia. A limited liability company, as an unincorporated association, cannot bring a claim for false light invasion of privacy. Accordingly, Count III as to plaintiff Rosemont Manor is dismissed.

2.  Plaintiff Rosemary Susko

Because plaintiff Susko fails to plead sufficient facts under Rule 8 of the Federal Rules of Civil Procedure, Count III on behalf of plaintiff Susko is dismissed. Despite the defendants' assertion that defamation and false light claims should be treated coterminously, this Court finds that the two are distinct legal theories that must be given separate analyses.

In Crump v. Beckley Newspapers, Inc., 320 S.E.2d at 87-88, the court stated that although "[t]here are obviously a number of similarities between actions for false light invasion of privacy and actions of defamation," that "false light invasion of privacy is a distinct theory of recovery entitled to separate consideration

12

and analysis." Accordingly, this Court cannot simply dismiss the plaintiffs' false light claim because the broadcast was not of defamatory meaning or, in the alternative, a statement of opinion. Rather, this Court must determine whether the plaintiffs can satisfy the separate elements of a false light invasion of privacy claim.

The elements of a claim for false light invasion of privacy include the following:

> (1) that there was a public disclosure by the Defendant of facts regarding the Plaintiff; (2) that the facts disclosed were private facts; (3) that the disclosure of such facts is highly offensive and objectionable to a reasonable person of reasonable sensibilities; and (4) that the public has no legitimate interest in the facts disclosed.

<u>Benson v. AJR, Inc.</u>, 599 S.E.2d 747, 752 (W. Va. 2004). Under Rule 8 of the Federal Rules of Civil Procedure, the plaintiffs have failed to plead sufficient facts in their complaint to satisfy the elements of a claim for false light invasion of privacy.

In <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), the United States Supreme Court recently addressed the sufficiency of an antitrust complaint pursuant to Federal Rule of Civil Procedure 8(a)(2). The class of plaintiffs in <u>Twombly</u> alleged that major telecommunications providers engaged in parallel conduct indicative of a conspiracy to restrain trade in violation of § 1 of the Sherman Act, 15 U.S.C. § 1. In reviewing the plaintiffs' complaint, the Court utilized a "plausibility standard," <u>id.</u> at

1698, under which a complaint must contain "enough facts to state a claim to relief that is plausible on its face," id. at 1974.  The Court rejected the often-quoted language from its decision in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that dismissal under Rule 12(b)(6) is inappropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  The Court stated that Conley's "no set of facts" language "earned its retirement" because it had spawned among courts the unintended literal reading that "any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings." Twombly, 127 S. Ct. at 1968.

Only about two weeks after its decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1955, the Court once again revisited the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure in Erickson v. Pardus, 127 S. Ct. 2197 (2007).  This time, however, the case involved a pro se litigant.  The Court noted that Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 2200 (internal citations omitted).  Describing these as "liberal pleading standards," the Court stated that the lower court's departure from these standards was even further pronounced because the case involved a pro se plaintiff.  Id.  Instead, the Court reaffirmed a

14

past holding that "[a] document filed pro se is 'to be liberally construed'...and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal citations omitted).

Accordingly, even after the Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1955, the Court's subsequent decision in Erickson v. Pardus, 127 S. Ct. at 2197, makes clear that a court must read pro se allegations in a liberal fashion. Nonetheless, dismissal must be ordered if the legal theories or factual allegations pled are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

A review of the complaint reveals that the plaintiffs have not met their obligation to "provide the 'grounds' of [its] 'entitlement to relief'" by setting forth "more than labels and conclusions, and a formulaic recitation of the elements," as is necessary under Bell Atlantic Corp v. Twombly, 127 S. Ct. at 1965. Because plaintiff Susko is proceeding pro se in this case, however, this Court will liberally construe the complaint. Nevertheless, despite applying this less stringent standard, plaintiff Susko's claim for false light must fail.

Here, the plaintiffs simply allege that the defendants "invaded the Plaintiffs' privacy by publicity that unreasonably placed Plaintiffs in a false light before the public." (Pls.' Comp. ¶ 14.) The plaintiffs plead no facts showing that WTOV, Inc.

15

disclosed private facts, that any such facts were highly offensive and objectionable to a reasonable person, or that the public has no legitimate interest in any facts that were disclosed. Without pleading such facts, the plaintiffs do not state a claim for false light invasion of privacy. Accordingly, the defendants' motion to dismiss is granted on Count III as to plaintiff Rosemary Susko.

D.  Count IV: Tortious Interference with Business Relations

Plaintiffs allege that WTOV, Inc.'s news broadcast tortiously interfered with business relations, causing plaintiff Susko to sustain economic damages in excess of $150,000.00, as well as damage both to her occupation and her potential for future employment. The defendants argue that plaintiffs have not pled the existence of any legally recognizable business relationship or prospective relation on which a claim is based.

To establish a prima facie case of tortious interference, a plaintiff must prove the following elements: (1) existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages." Syl. Pt. 2, Torbett v. Wheeling Dollar Savs. & Trust Co., 314 S.E.2d 166 (W. Va. 1984).

Again, the plaintiffs have not satisfied the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure as recognized under Twombly or the less stringent standards afforded

16

to pro se litigants. The plaintiffs allege that the broadcast "intentionally, recklessly, and/or negligently interfered with Plaintiffs [sic] business and occupation." (Pls.' Compl. ¶ 17.) The plaintiffs further allege that plaintiff Susko was damaged as a result of this tortious interference. (Pls.' Compl. ¶¶ 18-20.) These allegations alone, however, do not set forth sufficient facts to state a claim for tortious interference. The plaintiffs have failed to establish the existence of any contractual or business relationship or expectancy, the first element in a tortious interference claim. Pleading only that the defendants interfered with the plaintiffs' business and occupation, without further pleading any supporting facts concerning the existence of a legally cognizable business relationship or prospective business relationship does not satisfy even the less stringent standards applied to pro se plaintiffs as reaffirmed by the Court in Erickson v. Pardus, 127 S. Ct. at 2200. Accordingly, the defendants' motion to dismiss is granted on Count IV.

E.  Parent Corporation's Liability for Act of Subsidiary

In their motion to dismiss, the defendants argue that because parent corporations cannot be held per se liable for the acts of its subsidiary corporations, the claims against Cox Enterprises, Inc. and Cox Communications, Inc. should be dismissed.

It remains "a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent

17

corporation . . . is not liable for the acts of its subsidiaries." United States v. Bestfoods, 524 U.S. 51, 61 (1998). Moreover, a court cannot ignore separate corporate structures and imply liability, simply because one corporation controls another or the two such corporations share officers. S. States Cooperative, Inc. v. Dailey, 280 S.E.2d 821, 827 (W. Va. 1981).

The caption of the case names "Cox Enterprises, Inc." and "WTOV9, Inc." as the defendants in this case. In the complaint, the plaintiffs additionally name "Cox Communication" as a defendant and allege that "WTOV9" is a subsidiary thereof. (Pls.' Compl. ¶ 2.) Throughout, the complaint does not mention, claim, or suggest, however, that Cox Enterprises, Inc. or Cox Communications, Inc. took any part in, or had any control over, the news broadcast by WTOV, Inc. or the alleged statements made during that broadcast. Rather, the complaint specifically states that "'TV9' put forward a television broadcast to the general public on its six o'clock news program . . . ." (Pls.' Compl. ¶ 3.) Neither Cox Enterprises, Inc. nor Cox Communications, Inc. are ever mentioned. Accordingly, it appears that plaintiffs are seeking to impose liability on Cox Enterprises, Inc. and Cox Communications, Inc. simply because these are the alleged parent corporations of WTOV, Inc. This type of liability, however, is forbidden. As mentioned above, a parent corporation cannot be held liable for the acts of its subsidiary. See United States v. Bestfoods, 524 U.S. at 61.

Accordingly, for this additional reason, all claims are dismissed as against Cox Enterprises, Inc. and Cox Communications, Inc.

## V. Conclusion

For the above stated reasons, the defendants' motion to dismiss is GRANTED. It is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiffs choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, they are ADVISED that they must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 16, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE